IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM BARTLETT,<br><br>        Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC,<br><br>        Defendant. | Cause No. CV 19-113-BLG-SPW-TJC<br><br><br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Plaintiff Bartlett's complaint alleging that Defendant LVNV Funding, LLC ("LVNV"), is a debt collector attempting to collect a debt improperly and when it has no legal right to payment. *See* Compl. (Doc. 6) at 2–4 ¶¶ 1–9.

The Complaint refers to "the FDCPA," *see* Compl. at 3 ¶ 9, evidently meaning the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. Defendant LVNV removed the case from Montana's Thirteenth Judicial District Court to this Court on October 17, 2019. *See* Notice of Removal (Doc. 1) at 3 ¶ 6.[1] This Court has federal question jurisdiction under 28 U.S.C. §§ 1441(a) and (c) and 1331. *See also* 15 U.S.C. § 1692k(d).

---

[1] The notice mistakenly identifies diversity as a basis for jurisdiction as well. *See* Notice at 3 ¶ 8. Even assuming diversity exists, the complaint does not meet the threshold amount. *See* Compl. (Doc. 6) at 4; 28 U.S.C. § 1332(a).

1

On March 10, 2020, LVNV moved for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c); Mot. for Judgment (Doc. 24). With its motion, it submitted a declaration in support. *See* Choi-Bell Decl. (Doc. 25-1).

Bartlett did not respond to the motion.

On November 9, 2020, the Court converted the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). Bartlett was advised of the nature and consequences of a motion for summary judgment and given another opportunity to respond and to submit evidence pertinent to the motion. *See* Order (Doc. 27) at 1–3; Fed. R. Civ. P. 12(d), 56.

Bartlett again failed to respond.

## Fair Debt Collection Practices Act

Bartlett's complaint alleges that he did not enter into a contract with Credit One Bank. *See* Compl. (Doc. 6) at 2 ¶ 1. It also alleges that LVNV acquired the right to collect the debt Credit One claimed Bartlett owed. *See id.* ¶ 2. By acquiring the debt, Bartlett alleges, LVNV voluntarily paid it, so that any attempt by LVNV to collect the debt is fraudulent and violates the Fair Debt Collection Practices Act. *See id.* ¶ 3; *see also id.* at 3 ¶ 5, 3–4 ¶ 9. Bartlett seeks injunctive relief and damages in the amount of $4,155.00. *See id.* at 4. Bartlett attached to his complaint a letter stating an outstanding balance of $594.00 and reciting ways to make payment. The letterhead reads "Resurgent Capital Services." *See* Compl.

at 12.

The Fair Debt Collection Practices Act applies to debt collectors. *See, e.g.*, 15 U.S.C. § 1692(e). LVNV points to evidence that it is not a debt collector. *See* Choi-Bell Decl. (Doc. 25-1) at 1–2 ¶ 4. Bartlett points to no contrary evidence showing that LVNV is, in fact, a debt collector. The only available evidence shows that LVNV "acquires portfolios of consumer debts" and "does not attempt to collect the debts it acquires" but instead "outsources" those attempts. *See* Choi-Bell Decl. at 1–2 ¶ 4. Consequently, LVNV has proved that debt acquisition, not debt collection, is its principal or regular business. *See* 15 U.S.C. § 1692a(6).

Because LVNV has proved it is not a debt collector, it is entitled to judgment in its favor under the Fair Debt Collection Practices Act.

## Other Claims

The complaint mentions fraud and "breach of contract of the law." *See* Compl. (Doc. 6) at 3 ¶ 5. As Bartlett explicitly denies entering into a contract with LVNV, *see id.* at 2 ¶ 1, he cannot show a breach of contract.

The complaint alleges that LVNV's acquisition of his debt was a voluntary payment of his debt on his behalf. *See, e.g.*, Compl. at 2 ¶ 4. It also alleges, somewhat inconsistently, that Bartlett never owed a debt. *See id.* at 2 ¶¶ 1–2 (alleging that Credit One and LVNV had "no interest" in the debt). LVNV has introduced evidence that Bartlett owed a debt of $594.00 to Credit One, LVNV

3

acquired the debt, and "LVNV did not pay the debt on Plaintiff's behalf." Choi-Bell Decl. (Doc. 25-1) at 2 ¶ 5. Bartlett points to no contrary evidence. The only available evidence shows that Bartlett owes a debt to LVNV, negating any claim of fraud or misrepresentation in LVNV's assertion of a right to the money.

## Conclusion

LVNV has proved it is entitled to judgment in its favor on each claim for relief the complaint can be understood to make.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Defendant LVNV's motion for judgment on the pleadings (Doc. 24), converted to a motion for summary judgment (Doc. 27), should be GRANTED.

2. The clerk should be directed to enter, by separate document, a judgment in favor of Defendant LVNV Funding, LLC, and against Plaintiff Bartlett.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14 days. *See* 28 U.S.C. § 636(b)(1).[2] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

<u>Bartlett must immediately advise the Court of any change in his mailing address</u>.  Failure to do so may result in dismissal of the action without notice to him.

DATED this 28th day of December, 2020.

                                       <u>/s/ Timothy J. Cavan</u>
                                       Timothy J. Cavan
                                       United States Magistrate Judge