IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM BARTLETT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC,<br><br>　　　　　Defendant. | CV 19-113-BLG-SPW<br><br>ORDER ADOPTING<br>FINDINGS AND<br>RECOMMENDATIONS |

Before the Court are Magistrate Judge Cavan's Findings and Recommendations (Doc. 29) on Defendant LVNV Funding, LLC's Motion for Judgment on the Pleadings. (Doc. 24). Judge Cavan converted LVNV's Motion for Judgment on the Pleadings (Doc. 24) into a Motion for Summary Judgment on November 9, 2020. (Doc. 27). Judge Cavan recommended that LVNV's motion be granted and that judgment be entered for LVNV and against Bartlett. (Doc. 29 at 4). Bartlett timely filed an objection. (Doc. 30). LVNV responded to the objection. (Doc. 31). For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations in full.

### I. Background

Bartlett, representing himself *pro se*, filed a complaint in Montana State District Court alleging violations of the Fair Debt Collection Practices Act

1

("FDCPA"), 15 U.S.C. §§ 1692-1692p, as well as nonspecific fraud and breach of contract claims. (Doc. 6). LVNV removed the case to federal court. (Doc. 1). On March 10, 2020, LVNV moved for judgment on the pleadings, and Bartlett did not respond. (Doc. 24). In support of its motion, LVNV submitted a declaration by an authorized representative stating that LVNV "acquires portfolios of consumer debt" but that "LVNV is not a debt collector and does not attempt to collect the debts it acquires." (Doc. 25-1 at 1). Instead, according to the declaration, "LVNV outsources the management of the acquired assets to a third party" and that LVNV acquired Bartlett's debt owed to Credit One Bank and did not pay the debt on his behalf. (Doc. 25-1 at 2). On November 10, 2020, Judge Cavan converted LVNV's motion to one for summary judgment under Federal Rule of Civil Procedure 12(d) and explained what Bartlett needed to do, including when the filing deadline was, to oppose LVNV's motion. (Doc. 27 at 2). Bartlett again elected not to respond.

Relying on the declaration and Bartlett's absence of response, Judge Cavan concluded that, under the material undisputed facts, LVNV is in the business of debt acquisition rather than debt collection. (Doc. 29 at 3). Judge Cavan determined the FDCPA applies to debt collectors, and because LVNV is not a debt collector, LVNV is entitled to judgment in its favor. (Doc. 29 at 3). Judge Cavan further determined that the only available evidence shows that Bartlett owes a debt to LVNV and therefore Bartlett cannot maintain claims alleging fraud or

misrepresentation against LVNV for assertion of its right to the money. (Doc. 29 at 4).

## II. Standard of Review

Litigants are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a Magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018).

## III. Analysis

Bartlett filed an objection to Judge Cavan's Findings and Recommendations on January 8, 2021. (Doc. 30). In his objections, Bartlett reasserts allegations in his complaint that LVNV's agent and debt collector failed to comply with provisions of the FCDPA. (Doc. 30 at 3). Bartlett also claims that "the US Magistrate should have offered the Plaintiff the opportunity to make the Complaint *more Definite or Certain*." (Doc. 30 at 4 (emphasis original)). Finally, Bartlett asserts that Judge Cavan should have considered a recent Third Circuit decision

3

interpreting the FDCPA, because, under similar facts, the Court found a debt purchaser liable as an indirect debt collector, and that therefore LVNV is not entitled to judgment as a matter of law. (Doc. 30 at 4-5). Bartlett provides no justification for his failure to respond to either motion prior to Judge Cavan's ruling.

Bartlett's objections are denied. First, Bartlett's claim that Judge Cavan was "manifestly unjust" in not allowing Bartlett even more time to respond or seek legal counsel is absurd. Bartlett declined to respond to the pending motions or the Court's orders for over nine months. Judge Cavan took the additional step of explaining to Bartlett what he must do to avoid summary judgment against him; Bartlett apparently chose to disregard those instructions. In his objections, Bartlett once again failed to provide factual support contrary to LVNV's assertion that it is not a debt collector. The Court does not know how, without a filing from Bartlett, Judge Cavan was supposed to find and apply Third Circuit caselaw, but the Court will nonetheless consider it now.

In *Barbato v. Greystone Alliance, LLC*, the Third Circuit determined that Crown Asset Management, a purchaser of charged-off receivables (essentially past-due debts) which then refers them to third parties for collection, qualified as a debt collector under the "primary purpose" language of the FDCPA. 916 F.3d 260, 267 (3d Cir. 2019). The Court found that the existence of these middlemen did not

change Crown's principle purpose as a debt collector because it acquires debts with the purpose of collecting on them, rather than forgiving them or selling the debts to other collectors. *Id.* at 268. The Court then remanded the case to the district court for a determination on whether Crown could be held vicariously liable for the third party's actions allegedly in violation of the FDCPA. *Id.* at 269.

As previously mentioned, Bartlett failed to bring *Barbato* to Judge Cavan's attention while the motion was pending. The case was decided in 2019, so it was available during the pendency of the motion. Furthermore, it is not binding on this Court. However, even if the Court were to adopt the Third Circuit's interpretation of the FDCPA, Bartlett has presented no facts with which the Court can determine whether LVNV's primary purpose is debt collection. While LVNV, according to the declaration, "outsources the management of the acquired assets," there are no sufficient facts presented by Bartlett to create a material dispute of fact on this point, and therefore the Court determines that Judge Cavan's finding in this issue was not in error.

Neither party objected to Judge Cavan's finding that Bartlett failed to present any support, in his complaint or otherwise, for his breach of contract claims. The Court has accordingly reviewed this finding for clear error and found none.

Finally, Bartlett moves to strike LVNV's response to his objections as untimely under the Local Rules. (Doc. 30 at 1). Ignoring the irony inherent in this motion, the Court finds that under Federal Rule of Civil Procedure 6(d), the response was timely, further finds that, if untimely, Bartlett is not prejudiced by the error, and declines to deem any shortcoming as an admission that Bartlett's objections are well-taken by LVNV.

## IV. Conclusion

For these reasons, the Court ADOPTS in full Judge Cavan's Findings and Recommendations. LVNV is entitled to judgment on each of Bartlett's claims. Therefore, LVNV's Motion for Judgment on the Pleadings (Doc. 24), converted into a Motion for Summary Judgment (Doc. 27), is GRANTED and the Clerk shall enter judgment in favor of LVNV and against Bartlett. Finally, Bartlett's Motion to Strike (Doc. 32) is DENIED.

DATED this 15th day of March 2021.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge